UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES O. AMOS,

    Plaintiff,

v.                                               3:09-cv-461

DR. MILLER, et al.,

    Defendants.

## MEMORANDUM

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. He brings this action for an incident that occurred during his confinement in the Morgan County Correctional Facility (MCCX). The defendants are Dr. Miller (first name unknown), "his contractor" and MCCX.

Plaintiff alleges that on October 8, 2008, he was called to the clinic at MCCX to speak with Dr. Miller, because Dr. Miller had spotted a golf-ball-sized cyst on the left side of plaintiff's forehead. Dr. Miller wanted to operate and plaintiff agreed, but when Dr. Miller cut into the cyst blood started shooting everywhere because Dr. Miller had cut an artery. Plaintiff claims that Dr. Miller was unprofessional and did not know how to handle the situation, and that Dr. Miller should not have performed the surgery at MCCX. Plaintiff further claims he still suffers, without specifying how, from the damage done to him. He seeks compensatory damages.

In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The test for whether a jail official has demonstrated "deliberate indifference" to medical needs is a subjective inquiry into the official's state of mind rather than an objective test. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

2

Case 3:09-cv-00461-TWP-HBG   Document 13   Filed 10/22/09   Page 2 of 4   PageID #: 34

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Plaintiff has failed to allege any facts which would indicate a deliberate indifference on the part of the defendants toward plaintiff's medical needs; the fact that plaintiff disagrees with the treatment he received from Dr. Miller does not state a cognizable claim under § 1983. Plaintiff has stated at best a claim of medical malpractice and the proper forum for that would be the Tennessee state courts.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this

action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips
United States District Judge